UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANA L. BROWN,

                      Plaintiffs,

vs.

SAMUEL RICHER-GUINARD AND
GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

                      Defendant.

Civil Action No.

**NOTICE OF SECOND REMOVAL AND COPIES OF ALL PROCESS AND PLEADINGS**

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant SAMUEL RICHER-GUINARD, by and through its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Supreme Court of the State of New York, County of Bronx, the Court in which the above-referenced matter is currently pending, to the United States District Court for the Southern District of New York.  In support of its Notice of Removal, Defendant states as follows:

### Attached Exhibits

Exhibit A:    Plaintiff's Summons and Complaint

Exhibit B:    Plaintiff's Amended Summons and Complaint

Exhibit C:    Defendant, SAMUEL RICHER-GUINARD's Answer to Complaint

Exhibit D:    Defendant's Removal Petition w/o Exhibits

Exhibit E:    Plaintiff's Motion w/o Exhibits

Exhibit F:    All Orders from Civil Action No.: 1:18-cv-08538-VSB

Exhibit G:    Plaintiff's Notice of Motion for Summary Judgment and Affirmation w/o Exhibits

Exhibit H:    Defendant, SAMUEL RICHER-GUINARD's Answer to Amended Complaint and Combined Demands with Demand for Ad Damnum

| | |
|---|---|
| Exhibit I: | Defendant, SAMUEL RICHER-GUINARD's Affirmation in Opposition to Plaintiff's Motion for Summary Judgment |
| Exhibit J: | Co-defendant, GEICO's Affirmation in Opposition w/o Exhibits |
| Exhibit K: | Plaintiff's Stipulation to Withdraw |
| Exhibit L: | February 26, 2019 Good Faith Letter |
| Exhibit M: | Defendant's Motion to Compel w/o Exhibits |
| Exhibit N: | Preliminary Conference Order and Case Scheduling Order |
| Exhibit O: | Order and Stipulation to Resolve Motion |
| Exhibit P: | Plaintiff's Bill of Particulars |
| Exhibit Q: | Plaintiff's Response to Ad Damnum dated May 22, 2019 |
| Exhibit R: | Good Faith Letter for Response to Ad Damnum dated May 24, 2019 |
| Exhibit S: | Order to Show Cause to Compel Ad Damnum w/o Exhibits |
| Exhibit T: | Signed Order to Show Cause to Compel Ad Damnum |
| Exhibit U: | Plaintiff's Opposition to Order to Show Cause |
| Exhibit V: | Order, Decision and Compliance Conference Order |
| Exhibit W: | Plaintiff's Supplemental Response for Ad Damnum |

## Nature of Action

1. This is a motor vehicle accident matter in which plaintiff, Shana L. Brown ("Plaintiff") has asserted claims against Defendant sounding in negligence. See **Ex. A** (Plaintiff's Summons and Complaint). Plaintiff's Complaint alleges that Defendant SAMUEL RICHER-GUINARD's vehicle came into contact with the motor vehicle operated by plaintiff due to the defendant's negligence. See **Ex. A** (Plaintiff's Summons and Complaint) at ¶¶ 11-13.

23210534.v1

2. Plaintiff commenced this action on June 25, 2018 by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Bronx, bearing Index No. 27361/2018E.

3. On September 12, 2018, plaintiff filed an Amended Complaint in the Supreme Court of New York, Bronx County. The Amended Complaint added Government Employees Insurance Company as a defendant. See **Ex. B** (Plaintiff's Amended Summons and Complaint).

4. On September 18, 2018, Defendant, SAMUEL RICHER-GUINARD, prior to being served with the Amended Complaint, interposed their Answer to the original Summons and Complaint. See **Ex. C** (Defendant, SAMUEL RICHER-GUINARD Answer to Plaintiff's Summons and Complaint).

5. The matter was removed to the Southern District of New York on September 19, 2019 under Civil Action No.: 1:18-cv-08538-VSB. See **Ex. D** (Defendant's Removal without Exhibits). Plaintiff filed a Motion to Remand, stating that the amount in controversy had not been established. See **Ex. E** (Plaintiff's Motion without Exhibits). Defendant consented to remand and the matter was subsequently remanded to Bronx Supreme Court on December 19, 2018. See **Ex. F** (All Orders from Civil Action No.: 1:18-cv-08538-VSB).

6. On December 19, 2019, plaintiff filed a Motion for Summary Judgment in Bronx County Supreme Court. See **Ex. G** (Plaintiff's Notice of Motion and Affirmation in Support without exhibits).

7. On January 25, 2019, Defendant SAMUEL RICHER-GUINARD answered the plaintiff's Amended Complaint. Defendant also served various combined demands, which included a Demand for Ad Damnum pursuant to 3017(c). See **Ex. H** (Defendant, SAMUEL RICHER-GUINARD's Answer to Plaintiff's Amended Complaint and combined demands).

8. On February 15, 2019, Defendant served an Affirmation in Opposition to Plaintiff's Motion for Summary Judgment. See **Ex. I** (Defendant's Affirmation in Opposition without exhibits). GEICO filed opposition on February 18, 2019. See **Ex. J** (GEICO's Affirmation in Opposition without exhibits).

9. On February 22, 2019, Plaintiff withdrew their Motion for Summary Judgment. See **Ex. K** (Plaintiff's Stipulation to Withdraw).

10. Defendant served a Good Faith letter via email and a courtesy copy via regular mail on Plaintiff, on February 26, 2019, requesting a response to the Ad Damnum demand. See **Ex. L** (Good Faith Letter).

11. On March 26, 2019, this Defendant filed a Motion to Compel Plaintiff to respond to the Demand for Ad Damnum pursuant to CPLR § 3017(c). See **Ex. M** (Defendant's Motion to Compel without exhibits).

12. A Preliminary Conference Order and Case Scheduling Order was prepared by the Hon. Mary Ann Brigantti on April 2, 2019 and filed on April 3, 2019. See **Ex. N** (Preliminary Conference Order and Case Scheduling Order).

13. On May 7, 2019, the motion was resolved by stipulation that plaintiff would provide a response to the Ad Damnum pursuant to CPLR § 3017(c) by May 22, 2019. See **Ex. O** (Order and Stipulation to Resolve Motion).

14. During the May 7, 2019 motion conference, Plaintiff further provided a Bill of Particulars dated April 30, 2019. See **Ex. P** (Plaintiff's Bill of Particulars). The document provided limited itemized special damages but noted that treatment was ongoing and continuing. Plaintiff additionally provided employment information to make a lost wages claim; however, no amounts were provided for the lost wages.

15. On May 23, 2019, Plaintiff served an inadequate response to this Defendant's Demand for Ad Damnum. See **Ex. Q** (Response to Ad Damnum dated May 22, 2019). The response indicated totals for some special damages and itemized certain treatments. Moreover, the final paragraph of the response stated that "Plaintiff's demand for damages regarding past and future pain and suffering, and future medical bills are undetermined at this time and Plaintiff reserves the right to supplement the response to Defendant's Demand for Ad Damnum." See **Id**.

16. Because Plaintiff's response to the May 7, 2019, Order was deficient and, in fact, nonresponsive, this Defendant again served a Good Faith letter on May 24, 2019 via NYSCEF and a courtesy copy via regular mail on Plaintiff requesting a complete response to the Ad Damnum demand. See **Ex. R** (Good Faith Letter for Response to Ad Damnum dated May 24, 2019).

17. On May 31, 2019, this Defendant filed an Order to Show Cause seeking an order compelling Plaintiff to respond to the Ad Damnum Demand. See **Ex. S** (Order to Show Cause to Compel Ad Damnum). The Order to Show Cause was by signed by the Hon. Mary Ann Brigantti on June 3, 2019. See **Ex. T** (Signed Order to Show Cause to Compel Ad Damnum).

18. Plaintiff opposed this Defendant's motion. See **Ex. U** (Plaintiff's Opposition to Order to Show Cause).

19. On June 17, 2019, the Court granted this Defendant's motion and directed Plaintiff to provide a supplemental Ad Damnum response by June 18, 2019. See **Ex. V** (Order Decision and Compliance Conference Order).

20. On June 19, 2019, Plaintiff filed a supplemental response to the Demand for Ad Damnum, indicating Plaintiff's "best estimate of her demand for damages *at this time* is $74,999.00." See **Ex. W** (Plaintiff's Supplemental Response to Demand for Ad Damnum).

21.     Pursuant to 28 U.S.C. § 1446(a), Defendant has attached copies of all process, pleadings, and orders served upon it.

**Timeliness of Removal**

22.     This Notice of Removal is timely filed because Plaintiff has repeatedly failed to provide a clear indication as to the total amount in controversy before the June 19, 2019 supplemental response. Therefore, it is timely pursuant to 28 U.S.C. §§ 1446(b) and (c). See **Ex. U.** Moreover, because the first document indicating the amount of damages sought was not served until June 19, 2019, the 30-day window allowed has not expired. See Moltner v. Starbucks Coffee Company, 624 F.3d 34 (2d Cir. 2010).

**Amount in Controversy**

23.     As shown in the preceding, this Defendant has gone through great lengths to obtain an amount in controversy from the plaintiff. While New York Law does not provide for a sum certain in the Complaint, the plaintiff's various responses to the Ad Damnum and Bill of Particulars demonstrate that the amount in controversy is over $75,000.

24.     Notably, the supplemental response to the Ad Damnum couches Plaintiff's amount in controversy as "Plaintiff's best estimate" and conveniently sets that number at $1.01 below the $75,000.00 removal threshold. See **Ex. W**. Prior to this, Plaintiff had repeatedly failed to give a definitive amount in controversy and any numbers put forth were conditional in that they are defined as "estimates" calculated "at this time" or that the damages for "past and future pain and suffering, and future medical bills" remain "undetermined." See **Ex. Q & W.** Moreover, plaintiff's Bill of Particulars makes it clear that Plaintiff's damages are ongoing and continuing.  See **Ex. P**. Since Plaintiff's response to the Ad Damnum is only an estimate at this time, it is therefore respectfully submitted that this estimate for current damages, coupled with

23210534.v1

the claims of ongoing future and continuing medical treatment provides for an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

### Diversity of Citizenship

25. According to Plaintiff's Complaint, "Plaintiff was, and still is, a resident of the State of New York." Therefore, upon information and belief, Plaintiff resides and is domiciled in New York. Pursuant to Local Civil Rule 81.1, Defendant requests that Plaintiffs submit a statement confirming Plaintiff's residence and domicile within twenty-one (21) days.

26. Defendant, SAMUEL RICHER-GUINARD, is a Canadian domiciliary, residing at 768 Rue Bouchard, Saint-Colomban, PQ J5k 1r4, Canada.

27. Additionally, a search was done in the New York Department of State, Division of Corporations, which found no entities named Government Employees Insurance Company. This is because Government Employees Insurance Company is a Maryland corporation with it's principal place of business in Maryland. Furthermore, no address was provided on the Amended Complaint identifying which Government Employees Insurance Company or GEICO entity was being sued.

28. Pursuant to 28 U.S.C. § 1332(a)(2) and 28 U.S.C. § 1332(c)(1), full diversity exists among all parties in this action because Defendant, SAMUEL RICHER-GUINARD is a Canadian Domiciliary and Government Employees Insurance Company is incorporated and maintains its principal place of business in a state other than the state where Plaintiff resides and is domiciled.

### Plea for Removal

29. Insofar as the amount in controversy exceeds $75,000.00 and full diversity exists between the parties, removal to this Court is proper pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). Written notice is being given to all parties and to the Clerk of the Supreme

Court of the State of New York, County of Bronx, that this Notice of Removal is being filed with this Court.

**WHEREFORE**, Defendant respectfully requests that the entire state court action under Index No. 27361/2018E, currently pending in the Supreme Court of the State of New York, County of Bronx, be removed to this Court for all further proceedings.

DATED:     New York, New York
           June 24, 2019

                              **GOLDBERG SEGALLA LLP**

                              By:     */s/ Matthew G. Miller*
                              Matthew G. Miller
                              711 Third Avenue, Suite 1900
                              New York, New York 10017
                              (646) 292-8700
                              *Attorneys for Defendants*


TO:

OGER & SEDAGHATI, P.C.
Attorneys for Plaintiff
202 East 35th St
New York, NY 10016

RIVKIN RADLER, LLC
Attorneys for Co-Defendants, GEICO
926 RXR Plaza
Uniondale, NY 11556-0926

Clerk of the Court
Supreme Court of the State of New York,
County of Bronx
851 Grand Concourse,
Bronx, NY 10451

23210534.v1