```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Shana L. Brown,

                    Plaintiff,

          —v—

Samuel Richer-Guinard, *et al.*,

                    Defendants.

---

19-CV-5914 (AJN)

MEMORANDUM
AND ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Shana L. Brown brings this personal injury action against Defendants Samuel Richer-Guinard and Government Employees Insurance Company ("GEICO"). Now before the Court is Plaintiff's motion to remand this case back to state court. Dkt. No. 5. For the reasons articulated below, Plaintiff's motion to remand is denied.

## I.     BACKGROUND

This personal injury action arises out of a car accident that allegedly occurred on July 21, 2016. *See* Amended Complaint, Dkt. No. 1-2, ¶ 11. It was originally filed in New York Supreme Court on June 25, 2018. *See* Affirmation in Opposition to Plaintiff's Motion for Remand ("Def. Aff."), Exh. A, Dkt. No. 13-1. On September 19, 2018, it was removed to federal court, but all parties stipulated to remand a few months later. *See* Def. Aff., Exh. F, Dkt. No. 13-6. Back in state court, Defendant Richer-Guinard served a demand for *ad damnum* pursuant to N.Y. C.P.L.R. § 3017(c). *See* Def. Aff., Exh. H, Dkt. No. 13-8. After being compelled to do so by the state court, Plaintiff responded to the *ad damnum* demand on June 19, 2019. *See* Def. Aff., Exh. W, Dkt. No. 13-23. The response stated: "Plaintiff's best estimate of

1

her demand for damages at this time is $74,999." *Id.* Defendant Richer-Guinard again filed a notice of removal on June 24, 2019, asserting diversity jurisdiction. *See* Dkt. No. 1.

## II.    DISCUSSION

The removal statute establishes jurisdiction for civil actions "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal jurisdiction is "strictly construed" with "any doubts" resolved "against removability." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quotation omitted). Defendants may file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, the underlying basis for jurisdiction is diversity. There are two requirements: that the parties be "citizens of different States" and that the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff first argues that the amount in controversy requirement is not met in this case.

Defendants, as the proponents of jurisdiction, must "prov[e] that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Center Mark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quotation omitted). Furthermore, Defendants must "justify [their] allegations by a preponderance of evidence." *Id.* (quotation omitted). In a case seeking monetary damages, when "the State practice either does not permit demand for a specific sum [in the initial pleading] or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy." 28

U.S.C. § 1446(c)(2)(A)(ii).  This is the case for New York personal injury actions.  *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (citing N.Y. C.P.L.R. § 3017(c)).  New York law does not permit a complaint in a personal injury case to demand a specific amount, allowing only a supplemental demand for total damages, which itself does not limit the potential recovery.  *See* N.Y. C.P.L.R. § 3017(a), (c).

Here, Plaintiff's own supplemental demand for damages "estimate[s]" that, "at this time," she is seeking "$74,999."  *See* Def. Aff., Exh. W, Dkt. No. 13-23.  Even when a plaintiff's demand is not controlling, *see* 28 U.S.C. § 1446(c)(2)(A)(ii), it can still be relevant in determining the amount in controversy.  *See Yong Qin Luo*, 625 F.3d at 775-76.  In a personal injury action, whenever Plaintiff estimates damages to be $74,999, there will usually be a reasonable probability that the amount in controversy in fact exceeds $75,000.  Damages in personal injury actions typically cannot be approximated with precision.  This is not a case where the plaintiff limited herself by binding stipulation to seeking less than $75,000.  *See, e.g.*, *Lippmann v. Wells Fargo Bank, N.A.*, , No. 3:17-cv-918, 2019 U.S. Dist. LEXIS 32826, at *4-*5 (D. Conn. Mar. 1, 2019); *Poole v. J B Hunt Transp., Inc.*, No. 18-cv-1354, 2018 U.S. Dist. LEXIS 89194, at *3 (E.D.N.Y. May 25, 2018).  That the reasonable probability that the amount in controversy exceeds $75,000 is reinforced by Defendants' own estimation of the possible recovery in this case.  *See United Food*, 30 F.3d at 305.  Based on the Plaintiff's earnings and bill of particulars, there is certainly a reasonable probability that the amount in controversy exceeds $75,000.  *See* Def. Aff., Exhs. P, Z, Dkt. Nos. 13-16 , 13-26.  Accordingly, Defendants have carried their burden on the amount in controversy.

Defendants have also proved that the requirement of complete diversity is satisfied.  In her motion, Plaintiff claims "on information and belief" that Defendant GEICO is, like her, a

citizen of New York.  However, based on the declaration attached to GEICO's opposition,

Defendants have proven that GEICO is a Maryland corporation with a principal place of business

in Maryland, therefore making it a citizen of Maryland for diversity purposes.  *See* Declaration

of William C.E. Robinson, Dkt. No. 11-1.  Because Plaintiff is a citizen of New York and

Defendant Richer-Guinard is a citizen of Canada, there is complete diversity in this case.

## III.    CONCLUSION

For the reasons articulated above, Plaintiff's motion to remand is denied.  The Court

hereby reschedules the initial pre-trial conference for July 10, 2020 at 3:15 p.m.  One week in

advance of the conference, the parties should submit the joint letter and proposed case

management plan described in the Court's August 28, 2019 order.  *See* Dkt. No. 10.

This resolves Dkt. No. 5.

SO ORDERED.

Dated: June  1 , 2020
           New York, New York

_____
ALISON J. NATHAN
United States District Judge

4